

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL OPPORTUNITY EMPLOYMENT COMMISSION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 3:01-CV-0619-P |
| NICOLLE BRENNAN GAFFNEY, NICOLE CLEVELAND, ROBYN PURVIS MCGEHEE, and LISA RAMIREZ THORNTON, | § § § § § § | |
| Intervenors, vs. | § § § | |
| HOOTERS ARLINGTON VENTURE I, a Texas Partnership; TWI IV, INC.; and TEXAS WINGS, INC. d/b/a HOOTERS RESTAURANT | § § § § § | |
| Defendants. | § § | |

### DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AS TO INTERVENOR ROBYN PURVIS McGEHEE'S CLAIMS, INDIVIDUALLY, AND THROUGH THE EEOC

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

COME NOW, Hooters Arlington Venture I, TWI IV, Inc., and Texas Wings, Inc. d/b/a Hooters Restaurant (hereinafter jointly referred to as "Movants" or "Defendants"), Defendants in the above-entitled and numbered case, and file this, their Brief in Support of their Motion for Summary Judgment as to the claims of Robyn Purvis McGehee ("Ms. Purvis"), both as Intervenor and through the Equal Opportunity Employment Commission (the "EEOC"), and in support thereof would respectfully show the Court as follows:

## SUMMARY JUDGMENT STANDARDS

1.  In general, summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). The moving party must identify the evidence on file in the case which establishes the absence of any genuine issue of material fact. *Celotex,* 477 U.S. at 323. Once the moving party has made an initial showing, the party opposing the motion must offer evidence sufficient to demonstrate the existence of the required elements of the party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment; the party defending against a motion for summary judgment cannot defeat the motion unless it provides specific facts that show the case presents a genuine issue of material fact, such that a reasonable jury might return a verdict in its favor. *Anderson,* 477 U.S. at 256-57. Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *See, Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). All evidence and the inferences to be drawn therefrom "must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Marshall v. Victoria Transp. Co.,* 603 F.2d 1122, 1123 (5th Cir. 1979). However, if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at

322-23. Finally, in reviewing the summary judgment evidence, the Court has no duty to search the record for triable issues; rather, it need rely only on those portions of the submitted documents to which the nonmoving party directs its attention. *See, Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).

## STATEMENT OF FACTS

2. Ms. Purvis was hired to work as a waitress at the Hooters Arlington restaurant on October 27, 1997. *See*, Rabe Affidavit at para. 3; Original Complaint in Intervention at para. D(1). Prior to her hire, Ms. Purvis signed a number of documents, including documents setting forth Defendants' Non-Harassment Policy, and documents specifically indicating that any employment disputes were subject to arbitration. *See*, Rabe Affidavit at paragraphs 3, 4, 6, and 7, as well as Exhibits "A-1" through "A-6" thereto. These documents included the Agreement to Arbitrate Employment Related Disputes, a true and correct copy of which is attached as Exhibit "A-2" to the Rabe Affidavit, and is incorporated herein by reference. In this Agreement, Ms. Purvis contractually agreed to arbitrate any employment disputes between her and Defendants under the provisions of the Federal Arbitration Act. *Id.* at paragraphs 3 and 6. Ms. Purvis has never arbitrated her claims with Defendants, and, instead, filed this suit. Rabe Affidavit at para. 6.

## LEGAL ARGUMENT

**A.  All competent summary judgment evidence shows that any harassment allegedly suffered by Ms. Purvis did not culminate in a tangible employment action against her:**

3. It would appear from the EEOC's Complaint and Ms. Purvis' Complaint in Intervention that neither party is claiming a *quid pro quo* type action against Defendants, but rather, has asserted harassment based upon an allegedly hostile environment. Nevertheless, in an abundance

of caution, Defendants would specifically show that no tangible employment action was taken against Ms. Purvis as a matter of law.

4. In applying the analysis set forth in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), the Court must "determine whether the complaining employee has or has not suffered a 'tangible employment action.'" See *Casiano v. AT&T Corporation*, 213 F.3d 278, 283 (5th Cir. 2000). "If [she] has, [her] suit is classified as a '*quid pro quo*' case; if [she] has not, [her] suit is classified as a 'hostile environment' case. *Id.*

5. Neither Plaintiff nor Intervenor can refute the Affidavit of Terry Rabe where it establishes that no tangible employment action was ever taken by Defendants against Ms. Purvis as a result of her acceptance or rejection of a supervisor's sexual harassment. *See, Rabe Affidavit* at para. 8. As such, the Court should find as a matter of law that Defendants took no tangible employment action against Ms. Purvis, and as such, neither she nor the EEOC can maintain an action against Defendants under a "*quid pro quo*" analysis.

**B.   Ms. Purvis and the EEOC can show no competent summary judgment evidence that any harassment allegedly suffered by Ms. Purvis culminated in a tangible employment action against her:**

6. Neither Ms. Purvis nor the EEOC can show any competent summary judgment evidence that Defendants, or any of their employees, took any tangible employment action against Ms. Purvis as a result of her acceptance or rejection of a supervisor's sexual harassment. As such, the Court should grant summary judgment to Defendants on any claim of *quid pro quo* sexual harassment.

C.  **All competent summary judgment evidence supports Defendants' defenses under *Faragher* and *Casiano* as a matter of law:**

7.  In 1998, the United Supreme Court identified a defense in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) which is available to an employer in a hostile environment case, which defense was further articulated by the Fifth Circuit Court of Appeals in *Casiano v. AT&T Corporation*, 213 F.3d 278 (5th Cir. 2000). The *Faragher* opinion set forth a policy argument why an employee might not be allowed to recover against an employer on a sexual harassment claim where the employer had a mechanism for reporting and addressing sexual harassment claims, and the employee failed to take advantage of same:

> An employer may, for example, have provided a proven, effective mechanism for reporting and resolving complaints of sexual harassment, available to the employee without undue risk or expense. If the plaintiff unreasonably failed to avail herself of the employer's preventive or remedial apparatus, she should not recover damages that could have been avoided if she had done so. If the victim could have avoided the harm, no liability should be found against the employer who had taken reasonable care, and if damages could have been reasonably have been mitigated no award against a liable employer should reward a plaintiff for what her own efforts could have been awarded.

*Faragher* at 806 - 807. The Supreme Court then outlined the defense available to an employer in this situation:

> An employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee. When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages, subject to proof by a preponderance of the evidence, see Fed. Rule Civ. Proc. 8(c). The defense comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

*Id.* at 807. See also *Casiano* at 284. The *Casiano* opinion included a flow chart which suggests that the District Court first determine whether the complaining employee has or has not suffered a tangible employment action. If the Complainant has suffered such an action, the suit is classified

as a "*quid pro quo*" case; if she has not, the suit is classified as a "hostile environment" case. If the case is a "hostile environment" case, the Court must then look at all of the circumstances, and determine whether the conduct was severe and pervasive. Finally, even if this element is fulfilled, in a case involving a supervisor, the employer can still prevail if it exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and the complaining party unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer.

8. Although Defendants deny that Ms. Purvis' work environment was permeated with severe and pervasive sexual harassment, if *arguendo*, for purposes of this Motion for Summary Judgment, it is assumed that such a hostile environment existed, all summary judgment evidence clearly indicates that Defendants are entitled to prevail on their *Faragher* defense. Specifically, while Defendants maintained a sexual harassment policy which was disseminated to and acknowledged by Ms. Purvis, Ms. Purvis never took any actions whatsoever in accordance with such policy. *See, Rabe Affidavit* at paragraphs 4 and 7, and Exhibits "A-3" - "A-6." Despite a clear non-harassment policy with well-defined offenses and remedial course of conduct, Ms. Purvis never availed herself of such policy to complain about any alleged harassment. In fact, Defendants were first made aware of Ms. Purvis' alleged complaint after the filing of a complaint with the EEOC, whereupon Defendant initiated an internal investigation and immediately transferred the accused supervisor. This situation is factually and legally virtually identical to the situation addressed by the Fifth Circuit in *Wyatt v. Hunt Plywood Company, Inc.*, 297 F.3d 405 (5th Cir. 2002), in which summary judgment for the employer was affirmed based on the *Faragher* defense. For these reasons, summary judgment in favor of Defendants is proper under their *Faragher* defense.

D. **All competent summary judgment evidence indicates Ms. Purvis contractually agreed to arbitrate any employment related disputes; she has failed to do so; and as such, judgment in this case must be granted to Defendants as a matter of law:**

9. Since 1985, the United States Supreme Court has required that agreements to arbitrate be rigorously enforced. *See, e.g., Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985).

10. The Federal Arbitration Act is found at 9 U.S.C. §1, et seq.

> Section 2 is the primary substantive provision of the Act, declaring that a written agreement to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983).

> [Q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration. . . . The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.
> . . .

*Id.* at 24 - 25. "Having made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue." *Mitsubishi Motors Corp.* at 628.

11. In 1991, the United States Supreme Court decided *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). *Gilmer* stood for the proposition that a claim under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §621, could be subjected to compulsory arbitration. "Following the Gilmer reasoning, most of the courts of appeal have concluded that individual Title VII claims can be subjected to compulsory arbitration under employees' non-collective bargaining agreements to arbitrate pursuant to the FAA." *Williams v.*

*Cigna Financial Advisors Inc.*, 197 F.3d 752, 760 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000). The applicability of the Federal Arbitration Act was applied to Title VII claims by the Fifth Circuit as early as 1991, in *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir. 1991)(we now conclude that *Gilmer* requires us to reverse the district court and compel arbitration of Alford's Title VII claim). Recently, the United States Supreme Court made it clear that arbitration agreements related to employment disputes will be enforced. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001).

12. The applicable case law overwhelmingly mandates that, as to the case at bar, Defendants should be granted summary judgment as to Ms. Purvis' claims.

> Pursuant to § 3 of the FAA, the Court is required to stay proceedings once it determines that the issues raised in the complaint are referable to arbitration. *9 U.S.C. §3*. However, the stay requirement does not preclude dismissal of a case if the Court concludes that all of the claims presented are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 S.W.2d 1161, 1164 (5th Cir. 1992). To maintain jurisdiction under such circumstances would serve no useful purpose. *Id., citing, Sea-Land Service, Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986). Because all of their claims fall within the arbitration provision, the Court believes that the claims of Plaintiffs should be dismissed.

*Marsh v. First USA Bank, N.A.*, 103 F. Supp. 2d 909, 926 (N.D. Tex. 2000). The policy of dismissing Title VII claims subject to arbitration has been endorsed by the 5th Circuit Court of Appeals, as well as various district courts that have addressed this issue:

> Finally, Alford argues that the district court's dismissal with prejudice of her claims is contrary to the precise terms of Section 3 of the Federal Arbitration Act. Section 3 provides that when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete. *9 U.S.C. §3*. As correctly asserted by Alford, a stay is mandatory upon a showing that the opposing party has commenced suit "upon any issue referable to arbitration under an agreement in writing for such arbitration...." Thus, the court may not deny a stay in such a situation. This rule, however, was not intended to limit dismissal of a case in the proper circumstances. The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration. [Emphasis in original; cites omitted.]

*Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). In *Sea-Land Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757-758 (D.C. Puerto Rico 1986), the trial court held:

> Although we understand that plaintiff's motion to compel arbitration must be granted, we do not believe the proper course is to stay the action pending arbitration. Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose. . . . Since there are no live controversies before this court, the appropriate procedure is dismissal of the action, without prejudice."

The reasoning has been embraced in the following cases: *Sparling v. Hoffman Construction Co., Inc.*, 864 F.2d 635, 637-638 (9th Cir. 1988); *Hale v. First USA Bank, N.A.*, 2001 U.S. Dist. Lexis 8045 (S.D.N.Y. 2001); *McGill v. Rural/Metro Corp.*, 2001 U.S. Dist. Lexis 4833 (2001); and *Dancu v. Coopers & Lybrand*, 778 F. Supp. 832, 835 (E.D. Penn. 1991). The same reasoning applies, at this stage in the proceedings, to this Motion for Summary Judgment against Ms. Purvis' claims.

13. Clearly in the case at bar, as Ms. Purvis' only claims relate to employment-related issues which pursuant to her agreement with Defendants must be arbitrated, there is nothing left for this Court to adjudicate and summary judgment is proper.

**E.    Ms. Purvis can present no competent summary judgment evidence that her claims in this suit should not be arbitrated under the Federal Arbitration Act as contractually agreed to by her:**

14. Ms. Purvis can show no competent summary judgment evidence that her claims in this suit are not subject to arbitration under the Federal Arbitration Act, as contractually agreed. As is obvious from Ms. Purvis' answers to Defendants' Interrogatories, Request for Production, and Requests for Admission, which are contained in Appendix "B-1," and are incorporated herein by reference, Ms. Purvis has produced no evidence supporting her claims. As such, Ms. Purvis' employment related claim in this suit must fail as a matter of law.



**F.   Ms. Purvis' claims of retaliation and material alteration of the terms and conditions of her employment were not made timely, and therefore, summary judgment is appropriate as to these claims:**

15.   Pursuant to Title VII, a charging party with an employment claim must file suit on such claim within 90 days of the date of the determination by the EEOC. On March 22, 1999, the EEOC sent a determination letter determining there was insufficient evidence on which to conclude that Ms. Purvis was retaliated against for complaining of sexual harassment. A true and correct copy of this letter is attached as Exhibit "A-7" to the Rabe Affidavit, and is incorporated herein by reference. Purvis did not file suit alleging retaliation until June 27, 2001. Defendants would request the Court take judicial notice of the filing date, June 27, 2001, of Intervenors' Original Complaint in Intervention. As such, Ms. Purvis' claim for retaliation and material alteration of the terms and conditions of her employment, must fail as a matter of law.

**G.   Ms. Purvis can present no competent summary judgment evidence of damages in this case:**

16.   Ms. Purvis can present no competent summary judgment evidence of the damages plead by her in this case: i.e., lost wages, mental anguish and emotional distress, punitive damages, attorneys' fees, pre-judgment and post-judgment interest, and costs of court. As indicated in Ms. Purvis' answers to Defendants' Interrogatories, Request for Production, and Requests for Admission, which are contained in Appendix "B-1," and are incorporated herein by reference, Ms. Purvis possesses no evidence supporting her claims for damages. As such, Ms. Purvis' claims for damages must fail as a matter of law.

H.  **The EEOC can present no competent summary judgment evidence showing a violation by Defendants of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704 of Title VII, 42 U.S.C. §2000e-3(a) against Ms. Purvis:**

17.  The EEOC can show no competent summary judgment evidence showing a violation by Defendants of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 704 of Title VII, 42 U.S.C. §2000e-3(a) against Ms. Purvis.  Ms. Purvis' Answers to Defendants' Interrogatories, Request for Production, and Requests for Admission, which are contained in Appendix "B-1," and are incorporated herein by reference, clearly indicate that there is no evidence supporting the EEOC's claims in this regard.  As such, this part of the EEOC's claim must fail as a matter of law.

I.  **The EEOC can present no competent summary judgment evidence of damages related to Ms. Purvis in this case:**

18.  The EEOC can present no competent summary judgment evidence of the damages allegedly suffered by Ms. Purvis in this case.  The EEOC has plead the following damages with respect to Ms. Purvis: back pay; front pay; pecuniary losses including out of pocket medical expenses and job hunting expenses; compensatory damages including out of pocket expenses; non-pecuniary losses including pain and suffering, humiliation, embarrassment, emotional distress, anxiety, and loss of enjoyment of life; punitive/exemplary damages; and costs of court.  However, there is no evidence supporting Ms. Purvis' entitlement to damages in this matter. As the EEOC has no competent summary judgment evidence to support these claims of damages on behalf of Ms. Purvis, these claims for damages must fail as a matter of law.

Respectfully submitted,

BY: _____
John B. Gessner
State Bar No. 17830100

J. Paulo Flores
State Bar No. 07164447

GESSNER & FLORES, P.C.
16910 Dallas Parkway, Suite 204
Dallas, Texas 75248
(972) 380-6700
Fax: 380-6701

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on this ___ day of October, 2002, a true and correct copy of the foregoing Defendant's Brief in Support of their Motion for Summary Judgment has been sent via certified mail, return receipt requested, to William E. Robbins, attorney for Intervenors, at Kondos & Kondos, 1595 North Central Expressway, Richardson, Texas 75080; and to William C. Backhaus, Equal Employment Commission, Dallas District Office, 207 S. Houston Street, 3rd Floor, Dallas, Texas 75202

_____
John B. Gessner